ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| UNIQUE SECURITY CORPORATION<br>RECURRENTE<br><br>v.<br><br>JAYDEN SECURITY INC., BRIDGE SECURITY, JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE HATILLO, MLA SECURITY SOLUTIONS, WEST SECURITY SERVICES<br>RECURRIDA | TA2025RA00012 | Revisión Administrativa procedente de la Junta de Subastas del Municipio Autónomo de Hatillo<br><br>Núm. #27-2024-2025<br><br>Sobre: Revisión Administrativa e impugnación de Subasta |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de julio de 2025.

Comparece ante esta Curia, Unique Security Corp. (USC) y cuestiona la adjudicación de la Subasta #27-2024-2025 sobre *Servicios de Compañías que Provean Seguridad (Guardias armados y desarmados) a Regir Año 2025-2026* que efectuó la Junta de Subastas del Gobierno Municipal de Hatillo (Municipio), emitida y notificada el 13 de junio de 2025.

Por los fundamentos que exponemos a continuación, ordenamos la desestimación del recurso por falta de jurisdicción.

**I.**

El Municipio recientemente extendió una invitación a las empresas que ofrecen servicios de guardias de seguridad, armados o desarmados, a someter sus propuestas. Respondieron a la referida convocatoria cinco (5) proponentes, a saber: Jayden Security, Inc.; Unique Security; Bridge Security; MLA Security Solutions Corp.; y West Security Services, Inc.

Realizados los procesos correspondientes, el 13 de junio de 2025, el Municipio notificó haber adjudicado la buena pro a Jayden Security, Inc. Inconforme, USC comparece ante nos mediante el presente *Recurso de Revisión Administrativa* en donde imputa al Municipio lo siguiente:

> ERRÓ LA JUNTA DE SUBASTAS DEL MUNICIPIO DE [HATILLO] AL NO NOTIFICAR ADECUADAMENTE LA ADJUDICACIÓN TODA VEZ QUE LA MISMA NO ES CLARA EN CUANTO AL LICITADOR AGRACIADO Y NO CONTIENE UN RESUMEN DE LAS RAZONES POR LAS CUALES NO SE LE ADJUDICÓ LA BUENA PRO A LOS DEMÁS LICITADORES.

En reacción, el Municipio presenta su alegato en oposición en donde reconoce haber cometido un "error excusable" al indicar, en la tercera columna de la tabla, que adjudicó la subasta a Unique Security Corp. Asegura que, lo antes no crea confusión en torno a que la buena pro le fue adjudicada a Jayden Security, Inc., toda vez que, en la primera página de la adjudicación el Municipio expresó que los trabajos se le adjudicaron a Jayden Security, Inc. Añade que, las demás expresiones del Municipio en la notificación y, en consideración a los precios ofertados, no existe duda sobre a quién adjudicó la subasta.

Con respecto a su omisión de disponer las razones por las cuales la subasta no le fue adjudicada a los licitadores perdidosos, el Municipio argumenta que, "cuando la adjudicación se hace a base del precio más bajo solo hay que indicar eso, y no hay que dar razones y explicaciones adicionales como cuando se le adjudica a un postor que no fue el más bajo, cosa que no ocurrió aquí."[1]

Con el beneficio de las posturas de ambas partes, resolvemos.

**II.**

En Puerto Rico, en aras de fomentar la inversión adecuada, responsable y eficiente de los recursos del Estado, al efectuar una contratación gubernamental de todo tipo de servicio es necesario utilizar los procedimientos de subasta o RFP. *Municipio de Aguada v. W. Construction, LLC y otro,* 2024 TSPR 69, resuelto el 21 de junio

---

[1] Alegato, pág. 9.

de 2024. Lo antes, en atención al alto grado de interés público envuelto y como mecanismo para adquirir bienes o servicios, en protección de los intereses y del dinero del Pueblo de Puerto Rico. *Íd.* Como se sabe, a través de estos mecanismos se busca obtener los precios más económicos y evitar el favoritismo, la corrupción, el dispendio, la prevaricación, así como, minimizar los riesgos de incumplimiento. *Íd.* Ante cualquier controversia derivada de un procedimiento de subasta, deberá resolverse a la luz del interés público. *St. James Sec. v. AEE,* 213 DPR 366, 377 (2023).

Distinto al requerimiento de propuestas que es un proceso más informal y flexible, las subastas gubernamentales constituyen un procedimiento formal, que no admite ninguna negociación entre la agencia y el licitador y que consta de varias etapas, a saber: (1) la preparación de los pliegos de condiciones y especificaciones; (2) la publicación del aviso de subasta; (3) el recibo de las propuestas selladas y su posterior apertura pública; (4) la evaluación y el estudio de las propuestas por el comité evaluador de la agencia; (5) la recomendación del comité respecto a la adjudicación de la buena pro; (6) la adjudicación de la subasta, y (7) la notificación a los licitadores. *Municipio de Aguada v. W. Construction, LLC y otro,* supra.

Tanto las subastas como los requerimientos de propuestas están sujetos a revisión judicial, de manera que, sus participantes pueden impugnar su adjudicación. *Íd.* Incluso, el derecho a cuestionar una adjudicación de una subasta o RFP, mediante el proceso de revisión judicial, forma parte del debido proceso de ley. *St. James Sec. v. AEE,* supra.

El Tribunal Supremo ha enfatizado que, para que las notificaciones de las subastas sean adecuadas, éstas tienen que cumplir con varios requisitos de carácter jurisdiccional. *Íd.* En lo pertinente, el inciso (a) del Artículo 2.040 del Código Municipal, según enmendado, 21 LPRA sec. 7216(a), y el Artículo 2.03 del *Reglamento de Subastas y Solicitud de Propuestas del Municipio de*

*Hatillo, Puerto Rico* exigen a la Junta de Subasta notificar a los licitadores no agraciados las razones por las cuales no adjudicó la subasta a su favor. Análogamente, la Sección 13(3) del Capítulo VIII, Parte II, del Reglamento Núm. 8873, *Reglamento para la Administración Municipal de 2016,* dispone que, la notificación de una adjudicación de subasta debe contener:

> a) nombre de los licitadores;
> b) síntesis de las propuestas sometidas;
> c) factores o criterios que se tomaron en cuenta para adjudicar la subasta y razones para no adjudicar a los licitadores perdidosos;
> d) derecho a solicitar revisión judicial de la adjudicación o acuerdo final, ante el Tribunal de Apelaciones, y el término para ello, que es dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la notificación de adjudicación;
> e) fecha de archivo en auto de la copia de la notificación y la fecha a partir de la cual comenzará a transcurrir el término para impugnar la subasta ante el Tribunal de Apelaciones.

Sobre los efectos de que la Junta de Subastas Municipal emita una notificación defectuosa, el Tribunal Supremo advirtió en *PR Eco Park et al. v. Mun. de Yauco,* supra, que la notificación de una adjudicación de subasta que no consigne las advertencias de rigor priva de jurisdicción al Tribunal de Apelaciones. Ello debido a que, *"[s]ólo a partir de la notificación así requerida es que comenzará a transcurrir el término para acudir en revisión judicial."* *Íd.*, pág. 534. En su consecuencia, es prematuro el recurso que se presente ante un tribunal de mayor jerarquía para revisar una adjudicación de una propuesta cuya notificación es defectuosa. *Íd.*

Asimismo, el Alto Foro enfatizó que, la falta de jurisdicción es una defensa irrenunciable, que puede ser planteada por el tribunal *motu proprio* y en cualquier etapa de los procedimientos, incluso en fases apelativas. *Íd.* Añadió, además, que los tribunales tenemos el deber ministerial de evaluar el planteamiento con rigurosidad. *Íd.*

Es norma conocida que, un recurso prematuro priva de jurisdicción al tribunal al cual se recurre. *Íd.*, escolio 25. Ello, pues su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento todavía no ha nacido autoridad

judicial o administrativa para acogerlo. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 503 (2019). De ese modo, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. *Íd.* Es decir, procede la inmediata desestimación del recurso apelativo, según lo dispuesto en las leyes y los reglamentos para el perfeccionamiento de estos recursos. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020).

### III.

En su recurso, USC cuestiona la adjudicación de la subasta que realizó el Municipio y la catalogó de ambigua e inconsistente. Lo antes, debido a que, por un lado, adjudicó los trabajos a Jayden Security, Inc., sin embargo, dispuso en la tabla desglosando los licitadores un comentario bajo el licitador agraciado que lee "[s]e adjudica a Unique Security Corp." Como segundo fundamento, USC argumenta que, la notificación de la adjudicación impugnada contraviene el Artículo 2.040(a) del Código Municipal, *supra,* al limitarse a establecer que la propuesta no representa los mejores intereses del Municipio, sin especificar cuáles criterios consideró para descartar a los licitadores perdidosos.

En su alegato, el Municipio atribuye a un "error excusable" que, a su entender, no invalida la notificación el haber mencionado en la tabla de licitadores que la subasta se adjudicó a USC, cuando previamente había hecho constar en el mismo dictamen que el licitador agraciado lo fue Jayden Security, Inc. Interpreta, además, que al adjudicar la subasta al postor más bajo no tiene que plasmar fundamentos ni información adicional.

Al evaluar el dictamen impugnado del Municipio, referente a la adjudicación de la propuesta en controversia, observamos que su notificación es defectuosa. Según los criterios que establecen el Reglamento Núm. 8873, el Artículo 2.040(a) del Código Municipal, *supra,* y su jurisprudencia interpretativa, el Municipio solo cumplió con algunos de los requisitos impuestos para una adecuada notificación de una adjudicación de subasta. Específicamente, el

Municipio advirtió a los participantes de su derecho a solicitar la revisión judicial ante este Tribunal; indicó que el término para acudir en alzada es de diez (10) días; hizo constar que dicho término comienza a transcurrir desde el archivo en autos de copia de la notificación; y especificó cuál es la fecha del archivo en autos.

Sin embargo, el Municipio no advirtió en su dictamen que el término de diez (10) días para acudir en alzada es de carácter jurisdiccional; no incluyó una síntesis de las propuestas sometidas; y no estableció de forma detallada y específica cuáles fueron los criterios que tomó en cuenta para no adjudicar la buena pro a los licitadores perdidosos. Tampoco el Municipio desglosó en su dictamen los fundamentos específicos para adjudicar la buena pro a Jayden Security, Inc. Se limitó a indicar que el precio sometido en las propuestas rechazadas "no representa los mejores intereses del Municipio de Hatillo." El razonamiento del Municipio en torno a que, si la subasta se adjudica al postor más bajo no tiene que ofrecer razones o explicaciones adicionales, no se sostiene en derecho. Al así actuar, el Municipio privó a los licitadores perdidosos de la información necesaria para poder cuestionar la adjudicación de la subasta, mediante un recurso de revisión judicial, en función del debido proceso de ley que poseen los proponentes.

Por las razones antes expuestas, y debido a que las referidas omisiones redundan en una notificación de adjudicación de subasta defectuosa, este Tribunal carece de jurisdicción para intervenir sobre este asunto. A esos efectos, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra,* faculta al foro apelativo a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción. La falta de jurisdicción es un defecto que no puede ser subsanado. *PR Eco Park et al. v. Mun. de Yauco,* supra (nota 26). Cabe señalar, sin embargo, que "la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su

consideración". *Íd.,* (nota 25), citando a *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015).

**IV.**

Por los fundamentos esbozados, desestimamos el recurso de epígrafe por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones